**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 5, 2019[*]
Decided March 6, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-1768

| | |
|---|---|
| EZRA R.E. FRENCH, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-CV-282 |
| SCOTT ECKSTEIN, et al., *Defendants-Appellees.* | William C. Griesbach, *Chief Judge.* |

**O R D E R**

Ezra French, an inmate at the Green Bay Correctional Institution in Wisconsin, sued three prison officials for violating the Eighth Amendment after French was injured when a corrections officer ordered him to compress cardboard in a recycling bin. The district court dismissed French's complaint under 28 U.S.C. § 1915A(b)(1) for failure to

---

[*] The defendants were not served in the district court and are not participating on appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

state a claim. Because French's allegations do not state a claim that any of the three defendants recklessly disregarded French's safety, we affirm.

French alleges that he was working on the "yard crew" when a corrections officer instructed him and another inmate to climb inside a recycling bin or dumpster and compress its cardboard contents. A third inmate reminded the officer that under the prison's rules inmates were not permitted inside dumpsters, and a sign on the dumpster warned people not to climb inside. But the officer insisted. When French attempted to climb out of the dumpster, he fell to the ground and hurt his back. He sought medical attention and was taken to the prison's health services unit, where he received x-rays, ibuprofen, and a four-day excused absence from work. Since then, he has received "minimum medical attention" and still experiences "constant pain and suffering." French wrote to an inmate-complaint examiner about the dumpster incident. The examiner first said that "no incident report was written," but later replied that "an incident report was filled out." The examiner dismissed French's complaint because it came down to "one person[']s word against another[']s." (The corrections officer disputed that he told the inmates to condense the cardboard from *inside* the dumpster.)

French sued the corrections officer, complaint examiner, and the prison's warden under 42 U.S.C. § 1983 seeking damages for his injury. The district court dismissed French's complaint at screening because it did not state a claim against any defendant. Starting with the corrections officer, the court gave two reasons why he was not deliberately indifferent to French's safety. First, even if an order that French climb into the dumpster violated prison rules, "it was not so inherently dangerous as to give rise to an Eighth Amendment claim." Second, the officer enabled French to receive immediate medical attention after his fall. The court also ruled that French never alleged how the complaint examiner violated his rights or contributed to his injury, and that he made no personal allegations against the warden. So those claims failed as well.

On appeal French first argues that he received inadequate medical treatment, but French does not state an Eighth Amendment claim for inadequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). First, he does not allege that any of the three defendants, all of whom are non-medical personnel, ignored his requests for medical care. To the contrary, he alleges that the one defendant who knew that he needed care—the corrections officer—enabled him to get it (x-rays, pain medication, and four days off work). Second, he does not allege that any defendant had reason to believe that this care was inadequate, and we generally allow non-medical staff to defer to the judgment of medical professionals. *See Hayes v. Snyder*, 546 F.3d 516, 525 (7th Cir. 2008). Third,

although he alleges that he still feels pain from the fall, the Eighth Amendment does not guarantee that an inmate shall be "pain-free in the aftermath of proper medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

French next argues that the corrections officer violated the Eighth Amendment by ordering him into the recycling dumpster to crush cardboard, but he is incorrect. Such a claim would require a substantial risk of harm that is "so great" that it is "almost certain to materialize." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005) (internal quotation marks and citation omitted). We will assume that such a risk would arise if the officer had no idea about the dumpster's contents, for then ordering an inmate inside of it to compress trash that might include sharp metal, rancid food, or glass shards would reflect deliberate indifference. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). But French alleges that the bin contained only recyclable cardboard, and climbing onto and off of a bundle of cardboard is not "'sure or very likely to cause … needless suffering' and give rise to 'sufficiently imminent dangers.'" *Baze v. Rees*, 553 U.S. 35, 50 (2008) (Roberts, C.J., plurality opinion) (emphasis deleted) (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)); *see also Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (only intentional misconduct or criminal recklessness—not negligence, gross negligence, or tortious recklessness—violates Eighth Amendment). French replies that the officer violated the prison's own rules and ignored the dumpster's posted notice, but a violation of these standards does not in itself amount to deliberate indifference under the Eighth Amendment. *See Lee v. Young*, 533 F.3d 505, 510–11 (7th Cir. 2008) (asthmatic inmate's complaints that prison officials failed to enforce nonsmoking policy "do not rise to the level deliberate indifference"); *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001).

Finally, French contends that the complaint examiner and warden violated the Eighth Amendment by "maliciously" refusing to resolve his grievance in his favor and in covering up the misconduct of the corrections officer. We assume that French is reprising his allegation that the examiner contradicted himself about whether someone reported his fall and that the examiner denied his grievance about the incident by accepting the officer's story. But because the examiner "did not create the peril facing" French in the dumpster "or do anything that increased the peril, or make it harder for" French to get medical treatment, he did not violate the Eighth Amendment. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). It follows, then, that the warden also did not violate the Eighth Amendment by signing off on the grievance denial.

AFFIRMED